

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/21/20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Tyrel Henderson,

                Plaintiff,

       –v–

Police Officer Alvarez, *et al.*,

                Defendants.

---

17-cv-3977 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Pro se Plaintiff Tyrel Henderson brings this action under 42 U.S.C. § 1983 against two

Defendants.  One of those Defendants, Officer Alvarez, has moved to dismiss for failure to state

a claim.  Because Alvarez premises his motion on materials outside the pleadings, the relief he

requests cannot be granted under Rule 12.  However, for the reasons stated below, the Court

CONVERTS his motion to one seeking summary judgment and GRANTS Alvarez summary

judgment.

## I.     BACKGROUND

Plaintiff, proceeding pro se, filed his original complaint in this matter on May 25, 2017.

Dkt. No. 2.  The complaint named two Defendants: "NYC Department of Homeless Service

Police Officer Alvarez" and "Program Aide[] Southwell" at the Boulevard Men's Shelter in

Manhattan.  *Id.*  Construed liberally, he brought claims against these Defendants under 42 U.S.C.

§ 1983 for false imprisonment arising out of an incident in May 2017.

One month later, Plaintiff moved to amend his complaint, and the Court granted his

request.  Dkt. Nos. 4, 5, 6.  On February 6, 2018, he filed his first amended complaint.  Dkt. No.

7.  Because the Court granted Plaintiff's request to proceed in forma pauperis, the Court ordered

the United States Marshal Service to effectuate service of his complaint upon these two

Defendants.  Dkt. No. 9.  The Marshals were unable to serve either Defendant, and returned the

service unexecuted.  Dkt. Nos. 12, 13.  As to Defendant Southwell, the Marshals reported "Aide

Southwell resigned from facility and no longer works there.  Unable to serve."  Dkt. No. 12.  In

response, Plaintiff moved again to amend his complaint, and the Court granted his request.  Dkt.

Nos. 14, 15.

On September 19, 2018, Plaintiff filed his seconded amended complaint, which is the

operative pleading in this matter.  Dkt. No. 30 (Compl.).  The Complaint provided a new address

for Alvarez, but not Southwell.  The Court therefore ordered the Marshal Service to effectuate

service on Alvarez at the new address.  Dkt. No. 31.  The Marshals successfully served Alvarez

on November 8, 2018.  Dkt. No. 32.  Alvarez thus had until November 29, 2018 to respond to

Plaintiff's Complaint.

Alvarez, however, did not file an answer or otherwise appear in this litigation.  After the

Court asked Plaintiff for a status update, Dkt. No. 34, Plaintiff moved for a default judgment as

to Alvarez.  Dkt. No. 41.  On September 12, 2019, the Court ordered service of Plaintiff's

moving papers on Alvarez.  Dkt. No. 44.  The Court also noted that "[as to] Defendant

Southwell, Plaintiff failed to provide an updated address in his Second Amended Complaint and

no service of the Second Amended Complaint was ordered."  *Id.*  The Court then ordered

Plaintiff, within one month, "to file a letter with the Court indicating whether he has any other

address for Defendant Southwell."  *Id.*  And the Court warned that "[f]ailure to do so may result

in dismissal of Plaintiff's claims against Defendant Southwell for failure to prosecute."  *Id.*

(citing *United States ex rel. Drake v. Norden Systems*, 375 F.3d 248, 250 (2d Cir. 2004).

Plaintiff never provided an updated address for Southwell.

In October 2019, Alvarez appeared in this action and moved to set aside the default.  Dkt.

Nos. 45, 48.  The Court informed Plaintiff of his right to reply to this motion, but Plaintiff never

filed a reply.  Dkt. No. 50.  A few weeks later, Alvarez moved to dismiss Plaintiff's Complaint

for failure to state a claim.  Dkt. No. 54.  Alvarez also argued, in the alternative, that the motion

to dismiss should be converted to one for summary judgment, and in support he attached a

"General Release" entered into by Plaintiff.  Dkt. Nos. 55-2, 56.  The Court afforded Plaintiff

two ways to respond to this motion: he could either file a third amended complaint or a file brief

in opposition.  Dkt. No. 59.  Plaintiff did neither.  Because of the special solicitude afforded to

pro se litigants, the Court *sua sponte* extended Plaintiff's deadline to respond, and warned him

that failure to file an amended complaint or opposition brief may result in dismissal of his claims

without further notice.  Dkt. No. 61.  Although Plaintiff has since noticed a change of address,

Dkt. No. 62, he has not responded in any way to the merits of these two motions.  Alvarez's

motion to vacate default and to dismiss are therefore unopposed and are now before the Court.

## II.    ALVAREZ'S MOTION TO VACATE DEFAULT IS GRANTED

### A.  Legal Standard

Under Federal Rule of Civil Procedure 55, a court may, on a plaintiff's motion, enter a

default judgment against a defendant that has failed to defend the action brought against it.  Fed.

R. Civ. P. 55(a)–(b).  In particular, "the court may . . . enter a default judgment if liability is

established as a matter of law when the factual allegations of the complaint are taken as true."

*Bricklayers & Allied Craftworkers Local 2, Albany, N. Y. Pension Fund v. Moulton Masonry &

Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).  Under Rule 55(c), however, the court may set

aside an entry of default for good cause.  To determine whether "good cause" exists, the Court

must consider: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and

(3) prejudice to the non-defaulting party."  *Id.* at 186 (quoting *Guggenheim Capital, LLC v.

Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).  A motion to set aside a default is "addressed to

the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Moreover, the Second Circuit has "expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.") (collecting cases).  It is therefore well established that "good cause" should be "construed generously" since "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Green*, 420 F.3d at 104.

### B.  All Three Factors Favor Vacatur

Here, all three factors favor vacating Alvarez's default.  To begin, a finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-cv-5346 (KMW), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996)); *see also Raheim v. New York City Health and Hosps. Corp.*, No. 96-cv-1045 (JFB), 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007) (courts should "resolve any doubt about [a defendant's] willfulness in his favor") (citing *Enron*, 10 F.3d at 98).  Alvarez presents persuasive evidence that he did not willfully default.  He notes that the Marshal Service effected service on the New York City Department of Homeless Services (DHS).  Dkt. No. 12.  Although Alvarez worked for DHS when the incident in question occurred, he longer worked for the DHS by the time of this litigation.  Dkt. No. 48 at 2–3.  Because of this change in employment, Alvarez represents that "unintentional administrative or clerical errors" prevented the New York

4

City Office of Corporation Counsel from being notified about this litigation for several months. *Id.* Plaintiff does not challenge any of these representations, and the Court has no reason to doubt them. Certainly, nothing suggests that Alvarez himself was aware of this litigation or took any deliberate action to avoid appearing before the Court. The Second Circuit has made clear that administrative or clerical errors like these are not sufficient to suggest bad faith or egregious misconduct. *See Eagle Ins. Co.*, 92 F.3d at 61 ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context."). The first factor thus favors vacatur.

Next, the Court considers whether the defaulting party has a meritorious defense to the allegations against him. Here, Alvarez does—indeed, the Court grants him summary judgment. Finally, the Court must consider Plaintiff's prejudice. It is well-established that "delay alone is not sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, "[the plaintiff] must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotation marks and citation omitted). Plaintiff has not advanced any such argument here. And on the Court's independent review of the pleadings, it discerns no such plausible argument. In sum, all three factors favor vacatur. The Court therefore concludes that Alvarez's default should be set aside, and Plaintiff's claim as to Alvarez should be decided on the merits.

### III.    ALVAREZ'S MOTION TO DISMISS

The Court next considers Alvarez's motion to dismiss. Because Alvarez asks the Court to rely on materials outside the pleadings to adjudicate his motion, the Court converts it to one seeking summary judgment. And because the undisputed facts establish that Alvarez is entitled to judgment as a matter of law, the Court grants him summary judgment.

### A.  Alvarez Relies Exclusively on Material Outside the Pleadings

On a motion dismiss under Rule 12(b)(6), a court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).   Moreover, in considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010).  In other words, a pleading "is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (quoting *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002)).  On a Rule 12 motion, the Court's review is circumscribed—it is generally prohibited from looking beyond the pleadings and these related documents.

Here, Alvarez raises a single, contract-based argument in favor of dismissal.  Plaintiff has previously filed two civil-rights actions in this District against the City of New York and its employees.  *See Henderson v. NYC DHS Police officer Vann, et al*., 17-cv-1171 (PGG) (S.D.N.Y.); *Henderson v. Police Officer Vann, Department of Homeless Services, et al*., 17-cv-3685 (RJS) (S.D.N.Y.).  These cases both settled.  Under the settlement agreement applicable to both cases, Plaintiff released his claims against the City and its employees in exchange for a monetary payment.  The General Release provides:

> [I, Plaintiff,] do hereby release and discharge defendants Officer Vann, Officer Taylor, Officer Laude, and Officer Yellowday, their successors or assigns; the City of New York; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all

related state law claims, from the beginning of the world to the date of this General
Release, including claims for costs, expenses, and attorneys' fees.

Dkt. No. 55, Ex. B.  Alvarez's sole argument in favor of his motion to dismiss is that the

"unambiguous and all-inclusive language" in this Release "covers the claims asserted here," and

thus the claims are barred as a matter of law.  *See* Dkt. No. 56, Alvarez Br., at 5.

However, Plaintiff did not attach the Release to his Complaint.  Indeed, Plaintiff does not

mention the Release, or the prior lawsuits, in his Complaint.  *See* Compl. 1–3.  The General

Release is therefore not incorporated into or integral to the pleading.  *See Sira*, 380 F.3d at 67;

*Perez v. Hawk*, 302 F. Supp. 2d 9, 16 (E.D.N.Y. 2004) (declining to consider defendant's

exhibits on a motion to dismiss when plaintiff had not relied upon or made any of those exhibits

integral to his pleading).

Alvarez alternatively argues that the Court should take judicial notice of the Release.  *See*

Alvarez Br. at 5–6.  To be sure, a court deciding a motion to dismiss may consider matters of

which it may properly take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S.

308, 322 (2007); *see Mary Jo C. v. New York State and Local Retirement System*, 707 F.3d 144,

149 (2d Cir. 2013).  Facts may be judicially noticed if they "(1) [are] generally known within the

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Filings in other

litigation generally fall the scope of rule and may be noticed.  *See Anderson v. Rochester-*

*Genesee Regional Transp. Authority*, 337 F.3d 201, 205 n.4 (2d Cir. 2003); *see also Int'l Star*

*Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc*., 146 F.3d 66, 70 (2d Cir. 1998) ("A

court may take judicial notice of a document filed in another court not for the truth of the matters

asserted in the other litigation, but rather to establish the fact of such litigation and related

filings." (internal quotation marks and citations omitted)).

In both prior cases in this District, the parties filed stipulations of dismissal that were so ordered by the respective District Judge. *See Henderson v. NYC DHS Police officer Vann*, *et al*., 17-cv-1171, Dkt. No. 32 (stipulation of dismissal with prejudice, signed by Judge Gardephe); *Henderson v. Police Officer Vann, Department of Homeless Services, et al*., 17-cv-3685, Dkt. No. 24 (stipulation of dismissal with prejudice, signed by Judge Sullivan). However, the General Release relied upon by Alvarez was not made part of the record in either case. It appears nowhere in the stipulations of dismissal or on the dockets at all. It is therefore improper to take judicial notice of the Release. Indeed, courts in this District, when confronted with precisely this issue, have refused to take judicial notice of releases not made part of the public record in prior litigation. *See Edo v. Martiny*, No. 15-cv-202 (CBA), 2016 WL 7839337, at *2 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2017 WL 785653 (E.D.N.Y. Mar. 1, 2017); *Robinson v. Pierce*, 2012 WL 833221, at *3 (S.D.N.Y. Mar. 13, 2012) (finding that releases that were not court documents were "not susceptible to judicial notice"); *Calcutti v. SBU, Inc*., 273 F. Supp. 2d 488, 497–98 (S.D.N.Y. 2003) (declining to take judicial notice of a release that apparently was not filed in court and was not "mentioned in, attached to, nor incorporated by reference in" the complaint). The Court therefore rejects Alvarez's request to take judicial notice of the Release. The sole basis for Alvarez's motion to dismiss—the Release—thus cannot be considered in this procedural posture.

### B.  The Motion is Thus Converted to One Seeking Summary Judgment

Alvarez next argues that, even if the Court does not dismiss the Complaint, the Court should convert his motion into one seeking summary judgment. *See* Alvarez Br. at 5; *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (When matters outside the pleadings are presented in connection with a motion to dismiss, "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one

for summary judgment under Fed R. Civ. P. 56 and afford all parties the opportunity to present

supporting material." (internal quotation marks and citations omitted)); *Alkholi v. Macklowe*, No.

17-cv-16 (DAB), 2017 WL 6804076, at *5 (S.D.N.Y. Dec. 22, 2017) (same).

  The Federal Rules provide that "[i]f . . . matters outside the pleading are presented to and

not excluded by the court, the motion shall be treated as one for summary judgment and disposed

of as provided in Rule 56, and all parties shall be given reasonable opportunity present all

material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).  If a party is

proceeding pro se, such notice "is particularly important because the pro se litigant may be

unaware of the consequences of his failure to offer evidence bearing on triable issues.

Accordingly, pro se parties must have unequivocal notice of the meaning and consequences of

conversion to summary judgment." *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009)

(internal quotation marks and citation omitted).  However, the submission of extrinsic evidence

by the moving party may be adequate to put the opposing party on notice.  *See In re G. & A.

Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985).  The Second Circuit has explained that

> conversion of a Rule 12(b)(6) motion into one for summary judgment is governed
> by principles of substance rather than form. The essential inquiry is whether the
> [opposing party] should reasonably have recognized the possibility that the motion
> might be converted into one for summary judgment or was taken by surprise and
> deprived of a reasonable opportunity to meet facts outside the pleadings. Resolution
> of this issue will necessarily depend largely on the facts and circumstances of each
> case.

*Sahu v. Union Carbide Corp*., 548 F.3d 59, 67 (2d Cir. 2008) (citing *G. & A. Books*, 770 F.2d at

295).

  When Alvarez moved for dismissal, he served Plaintiff with the "Notice to Pro Se

Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings," as

required under these circumstances by this District's Local Civil Rule 12.1. Dkt. No. 57.  This

9

notice advises a plaintiff that the defendant has submitted additional written material—here, the General Release—in support of its motion to dismiss, that the defendants have asked the Court to consider this additional material, and that the Court may elect to treat the motion to dismiss as a motion for summary judgment. The notice further advises the plaintiff that he must submit documentary evidence or witness affidavits to counter the material submitted by the defendants, and may not rely on the allegations in his complaint. The notice warns that failure to do so may result in the Court accepting the facts asserted by the defendants as true and dismissing the case without a trial. Finally, the notice includes as an attachment the text of Rule 56. *Id.*

Courts in this Circuit uniformly hold that such facts support conversion, even when the non-moving party is pro se. *See Edo*, 2016 WL 7839337, at *3 (collecting cases); *see, e.g., Jackson v. Hanson*, 2014 WL 787820, at *12–13 (S.D.N.Y. Feb. 25, 2014); *Black v. Blackmun*, 2011 WL 6019394, at *1 (E.D.N.Y. Dec. 1, 2011); *Walker v. Youman*, 2006 WL 525921, at *3 (E.D.N.Y. Mar. 3, 2006); *Collins v. Goord*, 438 F. Supp. 2d 399, 412 n.14 (S.D.N.Y. 2006); *Curry v. Mazzuca*, 2006 WL 250487, at *4–5 (S.D.N.Y. Feb. 2, 2006); *cf. Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (holding that plaintiff had an inadequate understanding of the consequences of conversion because defendant did provide notice under Local Civil Rule 12.1). Other factors also support conversion. Courts should address "the contention that a settlement agreement bars the action should be addressed at the earliest possible juncture." *Cherniak v. Trans-High Corp.*, No. 18-cv-7734 (AT), 2020 WL 1047884, at *2 (S.D.N.Y. Mar. 4, 2020). And "since the Defendants have included the [s]ettlement [a]greement in their motion papers and have relied on it heavily, Plaintiff would not be taken by surprise by such a conversion." *Cantey v. Mount Vernon City Sch. Dist.*, No. 16 Civ. 2669, 2018 WL 3315574, at *4 (S.D.N.Y. July 5, 2018) (internal quotation marks and citation omitted). Finally, Plaintiff did

not file *any* response to Alvarez's motion to dismiss, Local Rule 12.1 notice, or declaration in support of his motion.  Despite making other filings in this case, Plaintiff filed has not responded on the merits or opposed Alvarez's motion.  Given these factors, and the uniform practice of courts in this Circuit, the Court converts Alvarez's motion to dismiss into one seeking summary judgment.

### C.  Alvarez's Motion for Summary Judgment is Granted

#### 1.  Legal Standard

Because conversion is appropriate, the Court must analyze Alvarez's motion under the summary-judgment standard.  Rule 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a); *see also Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*  To defeat a summary-judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The ultimate inquiry is "whether the evidence can reasonably support a verdict in plaintiff's favor." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000).

Pro se litigants are afforded "special solicitude" on motions for summary judgment. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988); *see also Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) ("District courts should read the pleadings of a pro se plaintiff liberally[,] and [the] same principles apply to briefs and

oppositions submitted by pro se litigants." (internal quotation marks omitted)).  However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (stating that the obligation to read pro se pleadings liberally "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment"). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## 2.  The General Release Bars Plaintiff's Claim

The Court begins with the General Release itself—and indeed, the inquiry ends there too. When the language of a contractual release is clear, "effect must be given to the intent of the parties as indicated by the language employed." *Tromp v. City of New York*, 465 Fed. Appx. 50, 52 (2d Cir. 2012) (internal quotation marks and citations omitted).  Moreover, "[w]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Id.* (internal quotation marks and citations omitted); *accord Edo*, 2016 WL 7839337, at *4.

On the undisputed facts, the General Release bars Plaintiff's claim against Alvarez.  By its own terms, the Release "discharge[s] . . . all past and present officials [and] employees . . . of the City of New York or any entity represented by the Office of Corporation Council . . . from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights . . . from the beginning of the world to the date of this General Release [March 9, 2018]."  Dkt. No. 55, Ex. 2, at 7.  There is no dispute that Alvarez is a New York City employee.  And Plaintiff

12

alleges that a violation of his civil rights occurred on May 10, 2017, almost one year before he signed the General Release.  No reasonable jury could read this language as permitting Plaintiff's false-imprisonment claim in this action against Alvarez.

When presented with similar facts, courts in this District have come to the same result. For example, in *Cuffee v. City of New York*, a pro se plaintiff brought a § 1983 action against New York City and various corrections officers.  No. 15-cv-8916 (PGG), 2018 WL 1136923, at *1 (S.D.N.Y. Mar. 1, 2018).  The plaintiff had previously signed general release forms with the City.  *Id.* at *2.  Defendants moved to dismiss.  Because the general releases were not "discussed in the [operative complaint,] . . . attached as exhibits," or relied upon by plaintiff, they were not part of the pleading materials.  *Id.* at *5.  And because "the City's policy is to no longer publicly file settlements documents," judicial notice was inappropriate.  *Id.* (quoting *Roberts v. Doe 1*, No. 14-cv-9174 (AJP), 2015 WL 670180, at *2 (S.D.N.Y. Feb. 17, 2015)).  The Court therefore converted the motion, held that the releases' "unambiguous language" barred plaintiff's claims, and granted defendants summary judgment.  *Id.* at **6, 7.  The Court is persuaded to do the same here.  In sum, the General Release bars Plaintiffs' claim against Alvarez, and Alvarez is accordingly granted summary judgment.

## IV.  DEFENDANT SOUTHWELL

As noted, however, there is still an additional Defendant in this case: Aide Southwell, who Plaintiff alleges was employed at the Boulevard Men's Shelter in May 2017.  Compl. at 1. Because Southwell cannot be located, this party has not been served.  In his brief, Alvarez states "[a]t this time, it is unclear who defendant [Southwell] is, but the Corporation Counsel of the City of New York, an interested party in the above-captioned matter, respectfully notes that the undersigned does not currently represent defendant Southwell."  Alvarez Br. at 2 n.1.  The Court has asked Plaintiff, on multiple occasions, to provide additional identifying information as to

13

Defendant Southwell.  And it has warned Plaintiff that failure to do so may result in dismissal of his claim against Southwell without further warning.  Despite these repeated opportunities to provide additional information, and multiple amendments of his Complaint, Plaintiff has provided no updated identifying information or address as to Southwell.

Nonetheless, Plaintiff in this matter is pro se and proceeding in forma pauperis.  He is also incarcerated.  *See* Dkt. No. 62 (letter from Plaintiff updating his current address to the Attica Correctional Facility).  In cases in which pro se plaintiffs bring suit against unnamed defendants, the Second Circuit has held that courts must make "at least some inquiry . . . as to whether such an [individual] exists and could readily be located."  *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).  Courts in this Circuit refer to such orders as "*Valentin* Orders," and they are regularly issued in similar circumstances.  *See, e.g.*, *Harris, No. 100003561 v. Detective John Doe No. 1*, No. 10-cv-2358 (SJF), 2010 WL 3780381, at *2 (E.D.N.Y. Sept. 17, 2010) ("[T]he Court hereby directs the County of Nassau to ascertain the full names of the unidentified detectives and officers whom plaintiff seeks to sue and their address(es) for service of process and provide such information to the Court.").  This situation is analogous; although Plaintiff has provided what the Court assumes is a last name, this Defendant's identity and address is unknown.

The Court therefore orders Alvarez's counsel, the New York City Law Department, to take good faith and diligent effort to identify Defendant Southwell's full name and locate a current address at which Southwell can be served.  Alvarez's counsel is ordered to file a status report no later than two weeks from the date of this Order (1) advising the Court if Southwell's full name and address have been located, and (2) if so, providing them.  If the identifying information is provided, Plaintiff's complaint shall be deemed amended to reflect the

14

Defendant's full name, a summons shall be issued, and the Court shall direct service on Southwell.

## V.    CONCLUSION

For the reasons stated above, the Court grants Defendant Alvarez summary judgment. Alvarez's counsel is also ordered to submit a status letter as to Defendant Southwell's name and address within two weeks.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court will mail a copy of this Opinion and Order to the pro se Plaintiff, and that mailing will be noted on the public docket.


          SO ORDERED.

Dated:  May 21, 2020
          New York, New York

                                        _____
                                                  ALISON J. NATHAN
                                              United States District Judge

15