USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Henderson,

                    Plaintiff,

      –v–

Alvarez, *et al.*,

                    Defendants.

---

17-cv-03977 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

     Pro se Plaintiff Tyrel Henderson brings this action under 42 U.S.C. § 1983 against Defendant Devena Southwell, a program aide at a homeless shelter in New York City. Defendant Southwell moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, that motion is GRANTED.

## I.   BACKGROUND

### A.  Factual Summary

     The following facts are drawn from Plaintiff's Second Amended Complaint and accepted as true for purposes of this motion. Dkt. No. 30. Plaintiff Tyrel Henderson was engaged in a brief verbal altercation with a resident at the Boulevard Men's Shelter in New York City on May 19, 2017. *Id.* ¶ 1. Officer Alvarez of the Department of Homeless Services intervened in the altercation. *Id.* ¶ 2. Officer Alvarez informed other Officers that Defendant Southwell, a program aide, had called Emergency Medical Services. *Id.* Officer Alvarez told them that Plaintiff needed to remain in the cafeteria until EMS professionals arrived. *Id.* When EMS arrived, Plaintiff refused their custody and was arrested. *Id.* ¶¶ 3-4. He asked Defendant

Southwell why he had to go to the psychiatric unit, and she stated that it is facility procedure.  *Id.*
¶ 4.

**B.  Procedural History**

Plaintiff, proceeding pro se, filed his original complaint in this matter on May 25, 2017.
Dkt. No. 2. The complaint named two Defendants: "NYC Department of Homeless Service
Police Officer Alvarez" and "Program Aide[] Southwell" at the Boulevard Men's Shelter in
Manhattan.  *Id.*  Construed liberally, he brought claims against these Defendants under 42 U.S.C.
§ 1983 for false imprisonment arising out of an incident in May 2017. One month later, Plaintiff
moved to amend his complaint, and the Court granted his request. Dkt. Nos. 4, 5, 6. On February
6, 2018, Plaintiff filed his first amended complaint.  Dkt. No.7. On September 19, 2018, Plaintiff
filed his seconded amended complaint, which is the operative pleading in this matter. Dkt. No.
30.

The U.S. Marshall service was initially unable to serve Defendant Southwell.  Dkt. No.
31.  Defendant Officer Alvarez was served and initially failed to appear.  Dkt. Nos. 31, 37.  The
Clerk's office issued a certificate of default.  Dkt. No. 37.  Plaintiff then moved for default
judgment against Defendant Officer Alvarez on May 16, 2019.  Dkt. No.  41.  Thereafter,
Defendant Officer Alvarez appeared in this action and filed a motion to vacate his default and a
motion to dismiss.  Dkt. Nos. 48, 54.  The Court granted the motion to vacate, converted the
motion to dismiss into a motion for summary judgment, and granted summary judgment.  Dkt.
No. 65.   The Court also issued a *Valentin* order to Defendant Officer Alvarez's counsel to make
good faith efforts to identify the full name and address of Defendant Southwell.  *Id.* at 14 (citing
*Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)).

Counsel was able to ascertain the identity and address of Defendant Southwell and the U.S. Marshall's effected service. Dkt. Nos. 71, 72, 73. Defendant Southwell appeared and filed a motion to dismiss the complaint. Dkt. No. 83. Defendant attached to her motion sworn affidavits by two individuals: (1) Tereen Llewelyn-Miller, an executive at the Bowery Resident's Committee, a non-profit organization that operates the homeless shelter where the alleged incident occurred and (2) Defendant Southwell herself. Dkt. No. 85. Defendant Southwell served the motion and accompanying papers on Plaintiff, as well as a "Local Civil Rule 12.1 Notice to Pro Se Litigant Who Opposes a Rule 12 Motion to Dismiss." Dkt. No. 87. Plaintiff filed an opposition and Defendant Southwell filed a reply. Dkt. No. 91, 93.

## II.   DISCUSSION

Before the Court is Defendant Southwell's motion to dismiss the complaint. For the reasons that follow, the Court converts the motion into one for summary judgment and grants summary judgment for Defendant.

### A.   Conversion to Summary Judgment

Under Federal Rule of Civil Procedure 12(d), if on a 12(b)(6) motion a defendant presents "matters outside the pleadings" then "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). First, "[a]ll parties must be given reasonable opportunity present all material that is pertinent to the motion." *Id.* If a party is proceeding pro se, such notice "is particularly important because the pro se litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues," and therefore the Court must ensure they have "unequivocal notice of the meaning and consequences of conversion to summary judgment." *Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (internal quotation marks and citation omitted). Courts in the Southern and Eastern District of New York have "repeatedly

concluded that providing the notice called for by Local Civil Rule 12.1, particularly when coupled with an evidentiary submission by the non-moving party, constitutes adequate notice that a motion to dismiss may be converted to one for summary judgment, even without further instruction from the Court." *Edo v. Martiny*, No. 15-CV-202 (CBA), 2016 WL 7839337, at *3 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, No. 15-CV-202 (CBA) (SMG), 2017 WL 785653 (E.D.N.Y. Mar. 1, 2017) (collecting cases).

The Court determines that Plaintiff was provided sufficient notice that the motion would be converted into a motion for summary judgment and the meaning and consequences of that conversion. Defendant Southwell's motion attached evidence outside the pleadings, namely two sworn affidavits testifying to the facts surrounding the events alleged in the complaint, and explicitly referenced the possibility of conversion. Dkt. Nos. 83, 84. Defendant then served Plaintiff with a Local Civil Rule 12.1 Notice to Pro Se Litigant Who Opposes a Rule 12 Motion to Dismiss, which expressly warned him of the possibility that the Court would convert the motion into summary judgment and instructed him to submit sworn affidavits and other documents to counter the Defendant's factual assertions. Dkt. Nos. 87, 88. Plaintiff therefore received sufficient notice and the Court will convert Defendant's motion to dismiss into a motion for summary judgment.

### B. False Imprisonment Claim

The only claim asserted against Defendant Southwell in the complaint is one for false imprisonment under the Fourth Amendment.

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the burden of showing the absence of a genuine dispute

4

as to any material fact[.]" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). Once the moving party has met its burden, the opposing party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Although courts are obligated to construe pro se filings liberally, a pro se plaintiff "must still satisfy the usual requirements of summary judgment." *Bolah v. Loc. 804 Union*, No. 18-CV-2964 (MKB), 2019 WL 3577709, at *4 n.7 (E.D.N.Y. Aug. 5, 2019) (citing *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).

Plaintiff brings a claim for false imprisonment under the Fourth Amendment pursuant to § 1983.  "[T]he elements of a false imprisonment claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (cleaned up).

Further, "to prevail on a § 1983 claim against a particular defendant, a plaintiff must demonstrate the defendant's 'personal involvement' in the violation, which the Second Circuit has defined as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Rhooms v. City of New York*, No. 11-CV5910 (PKC) (RER), 2017 WL 1214430, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)).  For a Fourth Amendment False Imprisonment claim, the plaintiff must demonstrate that each defendant was "personally involved in the alleged false . . . imprisonment." *Id.* at *7.  For

example, a defendant could participate in a false imprisonment through their "threatening presence [as a] police officer[]; the display of a weapon; physical contact by the officer; language indicating that compliance with the officer is compulsory; prolonged retention of a person's belongings," other similar actions, or directing others to engage in such actions. *Rosado v. Vill. of Goshen*, No. 7:16-CV-6916 (NSR), 2019 WL 1437522, at *7 (S.D.N.Y. Mar. 31, 2019) (citing *Gardiner v. Inc. Vill. of Endicott*, 50 F.3d 151, 155 (2d Cir. 1995)).

Summary judgment is necessary here because there is no genuine dispute of fact that Defendant Southwell was personally involved in the alleged false imprisonment. The undisputed record establishes that she was not. First, it undisputed that she was not even physically present. Defendant Southwell has submitted sworn testimony from herself and Ms. Miller that she was not there during the altercation or during the period when Plaintiff was allegedly detained in the cafeteria pending the arrival of EMS. Dkt. No. 84-2 ¶¶ 11-13; Dkt. No. 84-1 ¶ 13. She was working at the shelter that day, but was not present at the time of the incident. *Id.* Plaintiff does not claim otherwise in his complaint or in his brief in opposition. Dkt. Nos. 30, 91.

The only allegation in the complaint tying Defendant Southwell to the event in any way is that she allegedly was the one who called EMS after a discussion with Officer Alvarez. But there is no genuine dispute as to this fact either. Defendant Southwell provided sworn testimony in an affidavit that this allegation is false and that she was not the one who called EMS. Dkt. No. 84-2 ¶ 12. Ms. Miller also testifies "on information and belief" that Defendant Southwell did not make the call. Dkt. No. 84-1 ¶ 13. Aside from the allegation in his complaint, Plaintiff has not submitted an affidavit or other documentary evidence to support that Defendant Southwell called EMS. But the complaint allegation is not based on personal knowledge. The complaint only alleges that Officer Alvarez *said* that Defendant Southwell called EMS, not that

Plaintiff actually saw her call EMS.  In light of the evidence submitted by Defendant, Plaintiff's speculative complaint allegation that is not based on personal knowledge is insufficient to create a genuine dispute of fact for the purposes of summary judgment.  *See Patterson v. City of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004); *Spires v. MetLife Grp., Inc.*, No. 18-CV-4464 (RA), 2021 WL 3544719, at *6 (S.D.N.Y. Aug. 10, 2021); *59TH St. Assocs. v. Reliance Mediaworks Ltd.*, No. 14 CIV 7435 (NRB), 2016 WL 861212, at *6 (S.D.N.Y. Mar. 4, 2016); *Devecchis v. Scalora*, 179 F. Supp. 3d 208, 216 (D. Conn. 2016).

Finally, even if this fact were meaningfully disputed, the fact that Defendant Southwell called EMS would not, standing on its own, constitute personal involvement in the alleged false imprisonment.  Even allowing all inferences to be found in the Plaintiff's favor, simply requesting that medical professionals come to the scene does not evince an intent to confine that person.  *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003).  Therefore, the Court grants summary judgment in Defendant Southwell's favor.

## III.   CONCLUSION

For the reasons discussed in this opinion, summary judgment is GRANTED in favor of Defendant Southwell.  This resolves Dkt. Nos. 83, 91.  The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion & Order to the Plaintiff, note that mailing on the public docket, and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 16, 2021
       New York, New York

_____
        ALISON J. NATHAN
     United States District Judge